Linda EGGLESTON, Plaintiff— Appellant,

v.

PIERCE COUNTY, WASHINGTON; Myron Smith; Randy Sweem; Roger Gooch; and Ben Benson, Defendants—Appellees.

No. 00–35664.

D.C. No. CV–98–05563–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Jan. 31, 2002.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Plaintiff Linda Eggleston brought this action under 42 U.S.C. § 1983, alleging violations of her rights under the Fourth and Fifth Amendments to the United States Constitution.[1] The district court stayed proceedings on (1) the Fourth Amendment claims pending the outcome of Fourth Amendment claims in the state criminal appeal involving Plaintiff's son, Brian Eggleston, and (2) the Fifth Amendment claim pending the outcome of Plaintiff's state-court action for inverse condemnation. Plaintiff appeals the first ruling, but not the second. We dismiss Plaintiff's appeal of the stay as moot and remand.

Plaintiff's Fourth Amendment claims are:

- The October 16, 1995, search warrant for Plaintiff's house was invalid because Deputy Ben Benson's affidavit contained materially false and misleading statements.
- The October 16, 1995, warrant was issued for narcotics, so the "murder scene" search for bullets and shell casings after

the shooting was beyond the scope of the warrant.

- On April 16, 1995, the police removed walls from Plaintiff's house without a valid warrant.

The district court concluded that Plaintiff's two Fourth Amendment claims pertaining to the October warrant were "inextricably intertwined with the state court criminal appellate proceedings" involving Plaintiff's son. For that reason, the court stayed all of Plaintiff's Fourth Amendment claims "pending a final decision of Brian Eggleston's state criminal appeal."

On September 14, 2001, the Washington Court of Appeals decided Brian Eggleston's case in an unpublished opinion. Appellant's Supp. Br.App. D ("Appendix D"); State v. Eggleston, No. 22085–7–II, 2001 WL 1077846 (Wash.Ct.App. Sept.14, 2001). The court issued a decision on the two October warrant questions that the district court thought were "inextricably intertwined" with this case. Specifically, the Washington Court of Appeals held:

- Deputy Ben Benson's affidavit in support of the October 16, 1995, warrant did not omit material facts or contain misleading statements so the trial court was not required to conduct a Franks hearing. Appendix D at 18, 21–23; 108 Wash.App. 1011, 2001 WL 1077846, at *22, *25, *27.
- The "murder scene" investigation was beyond the scope of the October 16, 1995, warrant. Evidence that would not have been discovered in a search for narcotics was suppressed. Appendix D at 11–12; 108 Wash.App. 1011, 2001 WL 1077846, at *12, *14.

The prosecution elected not to seek review in the Washington Supreme Court.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Plaintiff also alleges that Defendant violated Washington law and the Washington State Constitution. That claim is not at issue in this appeal.

Instead, Pierce County is trying Brian Eggleston again but *without* the evidence that the Washington Court of Appeals suppressed. *See Pierce County Will Try Eggleston a 3d Time,* Tacoma News Trib., Nov. 10, 2001, *available at* 2001 WL 3999054. Thus, in the context of the October warrant's validity, the Washington Court of Appeals decision is the "final decision of Brian Eggleston's state criminal appeal" for which the district court was waiting. The prosecution has forfeited the right to relitigate the October warrant issues.

The stay cannot rest independently on Plaintiff's challenge to the April search. Brian Eggleston did not raise that issue in the Washington appellate courts, so when the district court issued its stay his claims could not have been "inextricably intertwined" with Plaintiff's claim concerning the April search.

In the circumstances, the stay pending resolution of Fourth Amendment issues in state court is moot and must be dissolved. The parties' arguments about how the district court should, or should not, defer to the state court's holdings on similar claims are not ripe for resolution in the procedural posture of this case, because the district court has made no substantive rulings.

DISMISSED as moot and REMANDED for proceedings consistent with this disposition. Each party is to bear its own costs on appeal.